# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**BARTHOLOMEW JONES,**

    **Plaintiff,**

**vs.**                                       **Case No. 4:10cv76-RH/WCS**

**WARDEN: MRS. IUBRE, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

A complaint, doc. 1, and *in forma pauperis* motion, doc. 2, were received in this Court by the Plaintiff on March 1, 2010.  At the top of each document, the forms indicate "In the United States District Court for the Middle District of Georgia," and Plaintiff lined-out the word "Middle" and wrote "Northern."  Docs. 1, 2.  Where the court division should be listed, Plaintiff wrote "11th Cir."  *Id.*  Plaintiff is incarcerated in Jackson, Georgia, and it appears that each Defendant is a prison official in State of Georgia. Jackson, Georgia is located in the Middle District of Georgia, and each of the Defendants are in Georgia.  Therefore, the proper forum for this action pursuant to 28

U.S.C. § 1391(b) and 28 U.S.C. § 90(b) is in the United States District Court for the Middle District of Georgia, Macon Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. § 1404(a), it is **RECOMMENDED** that this action be **TRANSFERRED** to the United States District Court for the Middle District of Georgia, Macon Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 4, 2010.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**